**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Weeks, | No. CV-19-05788-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Titlemax of Arizona Incorporated, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Motion for Order Substituting Surviving Descendant for Deceased Plaintiff (Doc. 113). Plaintiff John Weeks has passed (Doc. 107), and his surviving descendant, Lexus Weeks, now seeks to be substituted as the Plaintiff in this matter. Defendants have filed a Response in Opposition (Doc. 117), and Lexus Weeks has filed a Reply (Doc. 118).

**I.  Background**

This action arises from Defendants allegedly unlawful repossession of Plaintiff John Weeks' car. (Doc. 30 at 6–7). The First Amended Complaint brings two Counts alleging violations of the Fair Debt Collection Practices Act and two more Counts alleging a violation of A.R.S. § 47-9609 and trespass to chattel. (Doc. 30 at 7–11).

On April 2, 2021, Plaintiff John Weeks passed. (Doc. 107). In the Suggestion of Death, Plaintiff's counsel certified that on April 21, 2021, he served Lexus Weeks with the Suggestion of Death by mail. (*Id.* at 2). For reasons explained in a prior Order, that service was deficient under Federal Rule of Civil Procedure 4. (Doc. 111 at 1). Although it is

reasonable to assume Lexus Weeks had actual notice, she did not have legal notice until Plaintiff's counsel served her in accordance with Arizona Rules of Civil Procedure. This was accomplished on July 15, 2021. (Doc. 112). Plaintiffs' Motion for Order Substituting Surviving Descendant for Deceased Plaintiff was filed on October 6, 2021, more than six months after John Weeks had passed.

## II.     Substitution of Parties

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). Motions for substitution may be made by "any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." *Id.*

The only dispute among the parties is whether Lexus Weeks is a proper party. Plaintiff asserts it is enough to show that Lexus Weeks is the successor in interest to demonstrate she is a proper party for purposes of Rule 25. (Doc. 113 at 3). Defendants argue Lexus Weeks is not a proper party under Arizona law because she is not a court-appointed personal representative of John Weeks' estate. (Doc. 117 at 3).

In the Ninth Circuit, a proper party is the decedent's legal representative. *Mallonee v. Fahey*, 200 F.2d 918, 919 (9th Cir. 1952) ("It is plain, I think, that Rule 25(a)(1) applies only to the substitution of legal representatives."); *see also Hilao v. Est. of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996) (finding that the court-appointed personal representatives to an estate were proper parties). Under Arizona law, most causes of actions survive a person's death, "and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed." A.R.S. § 14-3110; *see also Burnett v. Daniels*, 185 F.3d 866 (9th Cir. 1999) (holding that a plaintiff's mother was not a proper party under § 14-3110 because she was not a court-appointed representative of her child's estate); *Stengel v. Medtronic Inc.*, 306 F.R.D. 230, 232 (D. Ariz. 2015) ("Only the decedent's court-appointed personal representative has standing to bring survival action

claims.") (citing *Burnett*, 185 F.3d at 866).

Plaintiff does not contest that the proper party is the decedent's legal representative, nor does Plaintiff assert Lexus Weeks is a legal representative under § 14-3110 or under any other law. Instead, Plaintiff cites *Braillard v. Maricopa County*, 232 P.3d 1263 (Ariz. Ct. App. 2010), for the proposition that the limitations imposed by § 14-3110 may be ignored when to do otherwise would "frustrate the remedial and deterrent purposes of other statutes." (Doc. 118 at 2).

In *Braillard*, a daughter brought a 42 U.S.C. § 1983 claim for pain and suffering on behalf of her deceased mother in addition to a wrongful death action. 232 P.3d at 1267. The daughter, importantly, was also the personal representative of her mother's estate. *Id.* at 1263. Defendants tried to dismiss the claim of damages for pain and suffering by arguing that § 14-3110, by its plain language, does not permit the personal representative to receive damages for the decedent's pain and suffering. *Id.* at 1277. The Arizona Court of Appeals, guided by the Tenth Circuit Court of Appeals, found that "it would be inconsistent with the purposes of § 1983 to preclude pain and suffering damages pursuant to state law." *Id.* (citing *Berry v. City of Muskogee*, 900 F.2d 1489, 1507 (10th Cir. 1990)). "Under the circumstances in this case," the court found, "any economic damages would be relatively insignificant." *Id.* at 1278. Therefore, to promote "deterrence, protection and vindication against § 1983 civil rights infringements" the court allowed damages for pain and suffering. *Id.* (quoting *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984)).

*Braillard* stands for the proposition that a decedent's personal representative may bring a damages claim for the decedent's pain and suffering under § 1983 despite § 14-3110. *Id.* To do otherwise would likely yield little to no economic damages, which is inconsistent with purpose of a § 1983 claim. *Id.* Here, unlike in *Braillard*, § 14-3110 poses no obstacle to John Weeks' personal representative from collecting the full amount of damages that John Weeks would, if he were still alive. The plain fact here, which *Braillard* does not permit the Court to ignore, is that Lexus Weeks is not the decedent's personal representative. She is, therefore, not a proper party.

### III. Conclusion

The Court finds that because Lexus Weeks is not the personal representative of John Weeks, she is not a proper party. As no proper party has filed a motion for substitution within 90 days of service of the Suggestion of Death, the Court will dismiss this matter. *See* Fed. R. Civ. P. 25(a)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Order Substituting Surviving Descendant for Deceased Plaintiff (Doc. 113) is **DENIED**.

**IT IS FURTHER ORDERED** that no proper party having appeared or filed a motion for substitution, the Court will dismiss Plaintiff's action. The Clerk of Court shall kindly dismiss this action and enter judgment accordingly.

Dated this 1st day of November, 2021.

Honorable Diane J. Humetewa
United States District Judge